CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 28 2006

JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

FRANKIE HILL,
    Plaintiff,

v.

UNITED STATES OF AMERICA
    Defendant

Civil Action No. 7:05-cv-00597

**MEMORANDUM OPINION**

By: Hon. James C. Turk
Senior United States District Court Judge

The plaintiff, Frankie Hill, has filed an action in this court seeking damages from the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), 2671–2680. The United States has asked this court to dismiss this action for failure to state a claim upon which relief can be granted, see Fed. R. Civ. P. 12(b)(6), or, in the alternative, for an order of summary judgment in its favor. See Fed. R. Civ. P. 56(b).

Because the petitioner is proceeding *pro se*, this court notified him of the respondent's motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and warned the petitioner that judgment might be granted for the respondent if the petitioner did not file affidavits or other documents contradicting the respondent's evidence or otherwise respond to the motion explaining his claims. Although the court has granted several of the plaintiff's requests for an extension of time, the deadline has passed without a response from the plaintiff. The matter is therefore ripe for the court's consideration.

1

Having considered the motion of the United States, together with the briefs and arguments timely presented, the court concludes that the United States' motion to dismiss will be granted with respect to certain of the plaintiff's claims, and it's motion for summary judgment will be granted with respect to plaintiff's remaining claims.

## I.

The plaintiff is currently incarcerated at the United States Penitentiary located in Lee County, Virginia, where he has been housed since November of 2003. He alleges, *inter alia*, that while incarcerated he received negligent treatment for his medical conditions. Specifically, the plaintiff claims that prison officials failed to assign him to a ground floor housing unit or lower bunk; failed to provide him with a knee brace, prescription mattress and medication; failed to modify his work assignments to accomodate his medical conditions; failed to treat him for excessive gas; and failed to issue him a work idle.

The plaintiff further alleges that prison officials interfered with his ability to file complaints through the Administrative Remedy Program of the Bureau of Prisons, and retaliated against him for filing such complaints. He also claims that officials opened the plaintiffs mail knowing that it contained privileged correspondence from his attorney. The plaintiff seeks $6,010,00.00 in damages, as well as attorneys' fees and court costs.

The plaintiff sought administrative settlement of his claims for negligent medical care and denial of access to the Administrative Remedy Process. His claims were denied, and he was informed of the disposition of his claims in a letter dated May 26, 2005.

## II.

2

The United States asks this court to dismiss the plaintiff's claims pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the complaint fails to state a claim upon which relief can be granted. The Court of Appeals for the Fourth Circuit has instructed that

> a rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.

Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). The court is not, however, "required to accept as true the legal conclusions set forth" in the complaint. Id.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). The FTCA, 28 U.S.C. § 1346(b), waives the sovereign immunity of the United States for certain torts committed by federal employees. Meyer, 510 U.S. at 475. In order to obtain relief under the FTCA however, litigants must comply with the act's requirements. Among these is the requirement that an administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court. See 28 U.S.C. § 2675; McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). A failure to administratively exhaust a claim precludes this court from exercising jurisdiction over it, see Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995), and the plaintiff, as the party seeking to invoke this court's jurisdiction, bears the burden of persuasion. See Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).

3

The plaintiff neither alleges nor presents any evidence indicating that he presented his claim that prison officials improperly opened his mail for any kind of administrative review. The Bureau of Prisons' letter to Mr. Hill indicates that only his claims of denial of appropriate medical care and denial of access to the Administrative Remedy Process were presented and considered. The plaintiff's claim that his legal mail was mishandled must be dismissed for failure to exhaust administrative remedies.

The plaintiff did exhaust his administrative remedies with respect to his claims that prison officials denied him access to the Administrative Remedy Program and retaliated against him for making claims. However, "[t]o be actionable under § 1346(b), a claim must allege, *inter alia*, that the United States 'would be liable to the claimant' as 'a private person' 'in accordance with the law of the place where the act or omission occurred.'" Meyer, 510 U.S. at 475 (quoting 28 U.S.C. § 1346(b)). The "law of the place" under the FTCA is the law of the State, id. at 478, in this case, the law of the Commonwealth of Virginia.

The source of substantive liability invoked by these claims, however, is not the law of Virginia, but rather federal law. See, e.g., U.S. Const. Amend. V; 42 U.S.C. § 1997d.[1] The "United States simply has not rendered itself liable under § 1346(b)" with respect to claims for which federal law provides the source of liability. FDIC v. Meyer, 510 U.S. 471, 478 (1994); Global Mail Ltd. v. U.S. Postal Serv., 142 F.3d 208, 211 (4th Cir. 1998) (explaining that "the FTCA does not provide a cause of action for federal torts"). Because the plaintiff can prove no set of facts which would entitle him to relief under the FTCA for these claims, they will be

---

[1] The court expresses no view on the merits of the plaintiff's claims other than under the federal tort claims act.

4

dismissed.

In contrast, the plaintiff's claims of negligent treatment of his medical conditions invoke Virginia tort law as the source of substantive liability. He exhausted his administrative remedies and his complaint identifies claims which, if proven, would entitle him to relief. Dismissal for failure to state a claim is therefore inappropriate with respect to the plaintiff's medical negligence claims.

### III.

The United States has asked, in the alternative, that this court grant summary judgment in its favor with respect to the defendant's medical negligence claims. As the party seeking summary judgment, the United States "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any," which it believes demonstrate the absence of a genuine issue of material fact." Celotex v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This burden may be discharged by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Id. at 325. Summary judgment then becomes appropriate against a "party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 323.

Although the plaintiff has failed to respond to the United States' motion for summary judgment, this does not relieve the United States of its obligation to demonstrate that it is entitled to judgment as a matter of law. Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 417 (4th Cir.

1993). The court "must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." Id.

As discussed, *supra*, the FTCA confers jurisdiction on this court over the defendant's claim against the United States to the extent that the United States, if a private person, would be liable to the claimant in accordance with the law of Virginia. See 28 U.S.C. § 1346(b)(1). To hold a private person liable for negligence under Virginia law, a plaintiff must prove (1) the existence of "a legal duty of the defendant to the plaintiff; (2) a breach of that duty; and (3) injury to the plaintiff proximately caused by the breach." Talley v. Danek Med., Inc., 179 F.3d 154, 157 (4th Cir. 1999); Blue Ridge Serv. Corp. of Va. v. Saxon Shoes, Inc., 62 S.E.2d 55, 218 (Va. 2006).

The United States concedes that "a legal duty of the Defendant to the Plaintiff exists in this case," (Def.'s Mem. Supp. Mot. Summ. J. 6), but argues that there is insufficient evidence to support a finding that this duty was breached or that the plaintiff suffered any injury proximately caused by the breach. The government has met its initial burden under Celotex by submitting affidavits by prison officials, including a prison physician explaining that the plaintiff received adequate treatment, and by pointing out that, under Virginia law, the plaintiff cannot establish either breach of the duty of care or causation without expert evidence.

"When a motion for summary judgment is made and supported . . . an adverse party may not rest on the mere allegations or denials of [his] pleading," rather, "the adverse party's response [must] set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The plaintiff has not responded to the United States' motion for summary judgment, but has submitted a verified complaint, which "is the equivalent of an opposing affidavit for

6

summary judgment purposes, when the allegations contained therein are based on personal knowledge." Williams v. Griffin, 952 F.2d 820, 822 (4th Cir. 1991).

The plaintiff's verified complaint, however, does not satisfy the requirements of Rule 56 such that the plaintiff's claims can withstand summary judgment. Under Virginia law, "[h]ealth care providers are required . . . to possess and exercise only that degree of skill and diligence practiced by a reasonably prudent practitioner in the same field of practice or specialty in Virginia." Raines v. Lutz, 341 S.E.2d 194, 196 (Va. 1986). The verified complaint contains no evidence of what this standard would require of doctors in his case, nor any evidence that the standard was breached. Nor could it, as the plaintiff does not have personal knowledge of the practices of a medical specialist in Virginia.

Under Virginia law "expert testimony is ordinarily necessary to establish the appropriate standard of care, [and] to establish a deviation from that standard . . . ." Id. The plaintiff has provided no expert evidence to establish any of the above. While an exception to the requirement of expert testimony exists in "those rare cases in which a health care provider's act or omission is clearly negligent within the common knowledge of laymen," id. n.2, this is not such a case.[2] Because the plaintiff has produced no evidence with respect to the standard of care

---

[2] Cases in which expert testimony is unnecessary include those where "the alleged act of negligence clearly lies within the range of the jury's common knowledge and experience." Beverly Enterpr.-Va., Inc. v. Nichols, 441 S.E.2d 1, 267 (Va. 1994) (holding expert testimony unnecessary where nursing home resident, with a history of choking, who was known by the staff to have been laboring under mental and physical infirmities was left unattended with a tray of food); See also Easterling v. Walton, 156 S.E.2d 787, 790–91 (Va. 1967) (requiring no expert testimony to prove negligence where foreign object was left in patient during surgery); Jefferson Hospital, Inc. v. Van Lear, 41 S.E.2d 441, 442–43 (Va. 1947) (requiring no expert testimony where hospital patient was known to require assistance in using bathroom facilities and broke his hip attempting to locate a bathroom on his own, after receiving no response from a help signal that he activated for 20-30 minutes). The conditions under which assignment to a ground floor housing unit or lower bunk, provision of a knee brace, prescription mattress, or medication,

7

owed to him nor any evidence of a deviation from that standard, the plaintiff has failed to make a sufficient showing that the duty of care owed to him was breached.

The plaintiff's showing is similarly infirm with respect to the element of causation. "Just as negligence or violation of the standard of care must ordinarily rest on expert opinion evidence, so proof of causation—that is that the defendant's negligence was 'more likely' or 'more probably' the cause of the plaintiff's injury—requires expert testimony." Fitzgerald v. Manning, 679 F.2d 341, 350 (4th Cir. 1982). Although the plaintiff's verified complaint contains a conclusion that the conduct of prison officials caused him injury, the plaintiff does not have personal knowledge sufficient to enable his conclusion to create a genuine issue of fact. He therefore has failed to make a sufficient showing with respect to the element of causation.

Because the plaintiff has "failed to make a sufficient showing on an essential element of [his] case with respect to which he [has] the burden of proof," Celotex, 477 U.S. at 325, no genuine issue of material fact exists with respect to the plaintiff's claims of medical negligence, and the United States is entitled to judgment as a matter of law. The court, therefore, will grant the United States' motion for summary judgment with respect to these claims.

## IV.

For the reasons stated above, the court will dismiss the plaintiff's claims concerning access to the Administrative Remedy Process, retaliation, and improper opening of his mail, and grant summary judgment in favor of the United States with respect to the plaintiff's claims of medical negligence.

---

modification of work assignments and issuance of work idles become medically proper are not within a jury's common knowledge or experience. Neither is the proper course of treatment for excessive gas.

8

**ENTER:** This 28th day of September, 2006.

_/s/ James C. Turk_
SENIOR UNITED STATES DISTRICT JUDGE